# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SUZANNE STIMAC,

    Plaintiff,

v.

J.C. PENNEY CORPORATION, INC.,

    Defendant.

No. 16 C 3581

Magistrate Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Plaintiff's Amended Motion for Leave to File Plaintiff's Amended Complaint [39] is **GRANTED**. Plaintiff shall promptly file her Amended Complaint as a separate docket entry. Defendants shall answer or otherwise plead within 14 days of filing.

## I. PROCEDURAL BACKGROUND

Plaintiff Suzanne Stimac ("Plaintiff") commenced this suit on February 8, 2016, asserting negligence against Defendant J.C. Penny arising from a slip and fall incident that occurred on October 3, 2014. Fact discovery closed on September 12, 2017, at which time parties had completed eleven depositions, including depositions on Plaintiff, Plaintiff's husband, two bystanders, six current or former J.C. Penney employees, and the Plaintiff's primary treater, Dr. Ali. (Dkt. 41 at 2). On November 6, 2017, Plaintiff filed the instant motion, requesting leave to file an amended complaint. Plaintiff seeks to add an alternative legal theory of *res ipsa loquitor* in Count II and a premises liability claim in Count III. (Dkt. 39 at 1). This new theory and

claim arise out of the occurrence of October 3, 2014, as set forth in Plaintiff's February 8, 2016 Complaint.[1] (*Id.*)

## II. DISCUSSION

A party may amend its complaint "with the opposing party's written consent or the court's leave," which "should [be] freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has emphasized that "this mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182 (1962). "By its plain terms, the rule reflects a liberal attitude towards the amendment of pleadings—a liberality consistent with and demanded by the preference for deciding cases on the merits." *Duthie v. Matria Healthcare, Inc.*, 254 F.R.D. 90, 94 (N.D. Ill. 2008). The decision whether to allow an amended pleading is left to the court's discretion. *Chatham v. Davis*, 839 F.3d 679, 686 (7th Cir. 2016). The court "should only refuse to grant leave where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants or where amendment would be futile." *In re Abbott Depakote S'holder Derivative Litig.*, 909 F. Supp. 2d 984, 1000 (N.D. Ill. 2012); *see Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). The Seventh Circuit has noted, delay alone is generally an insufficient ground to justify denial of a leave to amend; rather, "[d]elay must be coupled with some other reason;" usually, that reason is "prejudice to the non-moving party." *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004). In opposing the mo-

---

[1] The proposed amended complaint is attached as Exhibit A to Plaintiff's motion. (Dkt. 39, Ex. A).

tion to amend, Defendant argues that the amended complaint would unduly prejudice Defendant and cause undue delay. (Def.'s Response, Dkt. 41 at 4).

A. <u>Undue Prejudice</u>

Because almost every amendment to a complaint results in some prejudice to the opponent, the operative inquiry is whether the resulting prejudice is *undue*. *See Carlson v. Northrop Grumman Corp.*, No. 13 C 2635, 2014 WL 5334038, at *3 (N.D.Ill. Oct. 20, 2014). Undue prejudice exists "when the amendment brings entirely new and separate claims . . . or at least entails more than an alternative claim or a change in the allegations of the claimant *and* when the additional discovery is expensive and time-consuming." *In re Ameritech Corp.*, 188 F.R.D. 280, 283 (N.D.Ill. 1999) (internal citations omitted) (emphasis added). "[A] party seeking an amendment carries the burden of proof in showing that prejudice will result to the non-moving party." *See King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994).

Defendant argues that Plaintiff's newly proposed Count II, premised on the theory of *res ipsa loquitur*, presents a new legal issue of exclusive control which does not exist in ordinary negligence actions. Defendant claims that allowing the amendment would be unduly prejudicial because Defendant would be "deprived of the benefit of discovery to assist in disproving the element of exclusive control." (Def.'s Response, Dkt. 41 at 4–5). A plaintiff seeking to rely on the doctrine of *res ipsa loquitur* "must plead and prove that he or she was injured (1) in an occurrence that ordinarily does not happen in the absence of negligence, (2) by an agency or instrumentality within the defendant's exclusive control." *Salata v. Coca-Cola Re-*

freshments USA, Inc., No. 15-CV-248, 2016 WL 1623292, at *5 (N.D.Ill. Apr. 25, 2016), citing Heastie v. Roberts, 226 Ill. 2d 515, 531-32, 877 N.E.2d 1064, 1076 (2007).

While the Court acknowledges that Count II presents a new and separate legal issue of exclusive control, the Court is not convinced that additional "expensive and time-consuming" discovery would be required. See In re Ameritech Corp., 188 F.R.D. 280 at 283. In her reply, Plaintiff pointed to deposition testimony with J.C. Penny employees and Plaintiff's request to admit, where Plaintiff's counsel asked about the element of "control" and/or "exclusive control." (Pl.'s Reply, Dkt. 42, at 6–8). Plaintiff argues that given this testimony, "there is no apparent need for additional, expensive and time-consuming discovery on this issue." (Id. at 8). Given that the issue of exclusive control involves only Defendant's witnesses, it is not clear to this Court what extensive additional discovery is required. And Defendant does not specify what additional discovery, if any, would be needed to defend against this new count. Indeed, "just because additional discovery will be necessary is not a reason by itself to deny a motion to amend." Carlson, 2014 WL 5334038, at *3. The Court finds that any additional discovery needed on this limited issue would not be so extensive and costly as to justify denying a motion to amend.

Next, Defendant argues that the premises liability claim in Count III introduces "unique elements and standards into this litigation, which do not exist in negligence, including the 'unreasonableness' of the risk itself, the 'constructive notice' element, and proof issues surrounding whether invitees would or would not 'discover

the danger.'" (Def.'s Resp. Dkt 41, at 6), *citing Gutterman v. Target Corp.*, No. 15c5714, 2016 WL 397377, at *1 (N.D.Ill. Feb. 2, 2016).[2] A plaintiff must prove the following elements to recover in a premises-liability case: "(1) A condition on the property presented an unreasonable risk of harm to people on the property; (2) The defendant knew or in the exercise of ordinary care should have known of both the condition and the risk; (3) The defendant could reasonably expect that people on the property would not discover or realize the danger or would fail to protect themselves against such danger; (4) The defendant was negligent in one or more ways; (5) The plaintiff was injured; and (6) The defendant's negligence was a proximate cause of the plaintiff's injury." *Hope v. Hope*, 398 Ill. App. 3d 216, 219–20, 924 N.E.2d 581, 584 (2010). Defendant claims that it would be severely prejudiced because it was unable to "elicit testimony and/or documents relating to these new allegations." (Def.'s Resp., Dkt 41, at 1).

The Court acknowledges that the newly proposed premises liability count introduces a new claim with distinct elements of proof. *See Gutterman v. Target Corp.*, 2016 WL 397377, at *1 ("Courts have recognized the independence of [negligence and premises liability] and have highlighted the different elements required to prove each one."). However, as with Count II, the Court is not convinced that extensive and costly discovery would be needed to defend against this claim. Plaintiff argues that she, not Defendant "will incur substantial hardship" with the addition of a

---

[2] Further, Defendant argues that Plaintiff alleges a new affirmative duty "to see that its Premises were reasonably safe for use by those lawfully thereon . . ." (Def.'s Resp., Dkt 41 at 6–7). However, as Plaintiff correctly points out, this duty exists for both negligence and premises liability claims. *See Smart v. City of Chicago*, 2013 Il App (1st 120901 (2013), ¶ 48; *see also* IPI Civ. No. 120.01.

premises liability action because Illinois courts have required plaintiffs to prove actual or constructive notice. (Pl.'s Reply, Dkt. 42 at 6), *citing Smart v. City of Chicago*, 2013 Il App (1st) 120901 (2013); *Reed v. Wal-Mart Stores, Inc.* 298 Ill. App. 3d 712 (1998). Although Plaintiff bears the burden to prove actual or constructive notice, Defendant still must defend against this claim. However, Defendant did not specify what, if any, additional discovery would be required to do so. The Court finds, as above, that any additional discovery would not be so time consuming and expensive as to justify denying this motion to amend. *See Cohn v. Taco Bell Corp.,* No. 92 C 5852, 1993 WL 390176, at *3 (N.D. Ill. Oct. 1, 1993) ("The fact that extra discovery is required once the Complaint is amended is not enough by itself to warrant denial of the motion to amend.").

B. Undue Delay

Defendant argues that Plaintiff "was admittedly aware of these additional counts throughout fact discovery, but failed to allege them in a timely manner, constituting undue delay." (Def.'s Response, Dkt. 41 at 1). The moving party bears the burden of demonstrating that the delay in seeking the amendment is justified. *In re Ameritech Corp.,* 188 F.R.D. 280 at 286. Nonetheless, "delay alone will not generally justify denying a motion to amend a pleading absent a showing of prejudice from the delay." *King*, 26 F.3d at 723. "Where the proposed causes of action are related to the claims contained in the initial complaint, and where the need to amend [does] not become apparent until after some discovery is completed, the general rule is to allow the movant to amend its complaint." *Cohn,* 1993 WL 390176, at *3.

Here, the newly proposed counts are related to the negligence claim in the initial complaint, arising out of the same occurence. Further, Plaintiff is seeking to amend her complaint based on documents and information obtained during discovery. (Pl.'s Reply, Dkt. 42 at 9). For instance, Plaintiff had to obtain testimony from JC Penney employee, Tahmeena Ali, before asserting these claims: "Ms. Ali's testimony was crucial to demonstrate whether her knowledge, whether actual or constructive, of any advertisement, sider or topper on the floor of Defendant's premises prior to Plaintiff's fall (relevant to establish notice for the premises liability action)." (*Id.*). Prior to Ms. Ali's deposition, all the other deposition witnesses did "not recall the advertisement, sider and/or topper that is the subject of this litigation and/or [did]not know/were not aware how said instrumentality ended up on the floor of Defendant's Premises." (*Id.*). Given that the proposed new claims arose directly out of the events of the original complaint, and that Plaintiff discovered necessary elements of a claim during discovery, the Court finds no undue delay. *See Cohn,* 1993 WL 390176, at *3; *Barren v. Ne. Illinois Reg'l Commuter R.R. Corp.,* No. 13 CV 4390, 2015 WL 764105, at *2 (N.D. Ill. Feb. 23, 2015) ("When a plaintiff discovers the necessary elements of a claim during discovery, amending the complaint to add a new claim may be permissible."); *see also Lippert Marketing, Ltd. v. Kingwood Ceramics, Inc.,* No. 95 C 6490, 1997 WL 527282 at *3 (N.D.Ill. August 19, 1997) (finding plaintiff offered a sufficient reason for filing its untimely amendment when the discovery obtained was key to determining whether or not there were sufficient facts to allege a cause of action).

C. <u>Cases cited by Defendants</u>

In support of denying the motion for undue prejudice and undue delay, Defendant cites to *Aldridge v. Forest River, Inc.*; *Sanders v. Int'l Union of Operating Eng'rs, Local 150; Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*; and *Hukic v. Aurora Loan Serv.* These cases are distinguishable from the matter at hand. In *Aldridge*, the Seventh Circuit affirmed the denial of a motion to amend *during trial*, finding that adding a new theory of liability would require re-opening discovery and postponing the trial. *Aldridge v. Forest River, Inc.*, 635 F.3d 870, 876 (7th Cir. 2011). In *Sanders*, the Seventh Circuit affirmed the district court's finding of an undue delay after the Plaintiff offered no reason for the delay, a summary judgment motion had been filed, and a briefing schedule had been set. *Sanders v. Int'l Union of Operating Eng'rs, Local 150*, 6 F. App'x 443, 445 (7th Cir. 2001). This case is in an earlier stage of litigation than *Aldridge* or *Sanders*— a trial date has not been set; a motion for summary judgment has not been filed, nor has a dispositive motion briefing schedule been set. In *Trustmark*, the Seventh Circuit affirmed the district court's finding of undue delay when the Plaintiff failed to show good cause to add a claim more than nine months after the deadline for filing amended pleadings had passed. *Trustmark Ins. co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). Here, there is no scheduling order limiting the time to amend pleadings. In *Hukic*, the Seventh Circuit affirmed the district court's denial of a motion to amend when plaintiff added 11 new, complex causes of action which would require additional discovery as well as an additional named defendant. *Hukic*, 588 F.3d at 432.

Here, the proposed amended complaint does not involve comparably complex causes of action, nor does it request the addition of a named defendant. Accordingly, the Court is not persuaded by the cases cited by Defendant.

Being mindful of the Supreme Court's admonition that leave to amend should be freely given and finding that the proposed amendment is not unduly prejudicial nor will it cause undue delay, the Court, in its broad discretion, grants the motion to amend.

### III. CONCLUSION

For the reasons stated above, Plaintiff's Amended Motion for Leave to File Plaintiff's Amended Complaint [39] is **GRANTED**. Plaintiff shall promptly file her Amended Complaint as a separate docket entry. Defendants shall answer or otherwise plead within 14 days after filing of the amended pleading. A status hearing is set for January 31, 2018 at 9:30 a.m., where Defendant will be given the opportunity to present to the Court what, if any, additional discovery is needed related to Plaintiff's new allegations. If the Court determines additional discovery is required, litigation costs for said discovery will be shared with Plaintiff. As Plaintiff has affirmatively indicated in her briefs that she does not need any additional discovery on these new claims, discovery will not be re-opened on these matters for Plaintiff.

Dated: January 22, 2018         E N T E R:

_Mary M Rowland_
————————————————
MARY M. ROWLAND
United States Magistrate Judge